ORIGINAL

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1  JOSEPH DELFGAUW,

    Defendant.

Case No.  *18-CR-20030*

Hon.  *AVERN COHN*

Offenses:
18 U.S.C. § 1344 (Count One)
Financial Institution Fraud

Maximum Penalty:
30 Years (Count One)

Maximum Fine:
$1,000,000 (Count One)

Maximum Supervised Release:
5 Years

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

JOSEPH DELFGAUW (D-1) and the government agree as follows.

- 2 -

## 1. GUILTY PLEA

### A. Count of Conviction

The defendant will enter a plea of guilty to Count One of the Information, which charges Bank Fraud in violation of 18 U.S.C. §1344 (Count One).

### B. Elements of Offense

The elements of Count One of the Information, Bank Fraud in violation of 18 U.S.C. § 1344 are as follows.

1. That the defendant knowingly executed and attempted to execute a scheme to defraud and,

2. to obtain money by means of material false and fraudulent pretenses and representations,

3. that was in the care, custody and control of a financial institution as defined by 18 U.S.C.§ 20.

### C. Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for defendant Delfgauw's guilty plea.

From in or about January 2008 and continuing through in or about July 2008, in the Eastern District of Michigan, Southern Division, Delfgauw executed a scheme

- 3 -

to defraud and to obtain money owned by and under the control of financial institutions by means of material false and fraudulent pretenses and representations.

As part of the scheme Delfgauw did the following:

a.    In or about January 2008, Delfgauw recruited WL to be the buyer of a property located at 2458 Elliot, Lincoln Park, Michigan.

b.    Delfgauw, with intent to defraud and without the knowledge of the mortgage lender Citimortgage, a financial institution, promised WL that although the property would be purchased in her name, she would not have to make the mortgage payments or fund the down payment.

c.    Delfgauw, with intent to defraud, arranged for his company to provide false proof of employment for WL, which was provided to Citimortgage with the intent to influence its decision to approve the loan.

d.    Also with intent to defraud, Delfgauw paid WL $3,000 after the closing once the property was purchased in her name.

e.    After the loan was approved and the proceeds were disbursed, no payments were made. This caused the loan to default resulting in losses to the Citimortgage.

- 4 -

resulting in losses to Citimortgage.

The total fraud loss for the properties defendant purchased fraudulently is $203,000. Defendant agrees that these losses will be included as relevant conduct for calculating his sentencing guidelines.

## II.  SENTENCING GUIDELINES

### A.  Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence, following receipt of this Rule 11 Plea Agreement, the Presentence Report, and any other information that the Court may require of the parties.

### B.  Guideline Range

Count One:  The government's recommended guidelines range is 15-21 months, and the defendant agrees with this guidelines range.

Except as necessary to the Court's determination regarding paragraph 2.B.1, neither party may take a position concerning the applicable guidelines that is different than any position of that party as noted above, and as reflected in the attached worksheets.  Nothing in this agreement precludes the defendant from arguing for a non-custodial sentence.

- 5 -

1.   **Findings That Increase The Government's Recommended Guidelines Range**

If the Court finds that (i) the defendant's criminal history category is higher than reflected on the attached worksheets, or (ii) the offense level should be higher because, after pleading guilty, the defendant made any false statement to or withheld information from his probation officer, otherwise demonstrated a lack of acceptance of responsibility for his offense, or obstruction of justice or committed any crime, and if any such finding results in a guideline range higher than 15-21 months with respect to Count One, the higher guidelines range becomes the government's recommended guidelines range in paragraph 2B as to Count One.

2.   **Findings That Do Not Increase The Government's Recommended Guidelines Range**

If the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the government's recommended guideline range.

3.   **SENTENCE**

- 6 -

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the Sentencing Guidelines range.

### A.   Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed (i) the top of the government's recommended guidelines range as described in Paragraph 2.B as to Count One.

### B.   Supervised Release

A term of supervised release follows the term of imprisonment.  The Court may impose a term of supervised release on Count One of no more than five (5) years.  The agreement concerning imprisonment described above in Paragraph 3.A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### C.   Special Assessment

The defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D.   Fine

There is no agreement as to fines.

- 7 -

### E.  **Restitution**

The Court shall order restitution to every identifiable victim of the defendant's offense. The Court will determine the specific amounts of restitution to be paid to the identified victims.

### 4.  **COOPERATION AGREEMENT**

### A.  **Cooperation**

The defendant agrees to assist the United States Attorney's Office in the investigation and prosecution of others involved in criminal activities, as specified below.

1.  Truthful Information and Testimony. The defendant will provide truthful and complete information concerning all facts of this case known to him. The defendant will provide full debriefings as requested to the U.S. Attorney and federal, state, and local law enforcement agencies. The defendant will provide truthful testimony at all proceedings, whether criminal, civil, or administrative, as requested by the U.S. Attorney. Such testimony may include, but is not limited to, grand jury proceedings, trials, and pretrial and post-trial proceedings. The defendant agrees to be available for interviews in preparation of all testimony. The

- 8 -

defendant further agrees to submit, upon request, to government-administered

polygraph examinations to verify the defendant's full and truthful cooperation. The

defendant understands that this obligation to provide cooperation continues after

sentencing and that failure to follow through constitutes a breach of this agreement.

    2.    <u>Active Cooperation</u>.    The defendant shall provide the following

active cooperation. At the request of the U.S. Attorney, the defendant will testify

truthfully at any trial or other proceeding concerning this matter. In addition, the

defendant will make himself available for any meetings or interviews requested by

the U.S. Attorney in preparation for such testimony.

    3.    <u>Nature of Cooperation.</u> The defendant agrees to cooperate in good

faith, meaning that the defendant will not only respond truthfully and completely to

all questions asked, but will also volunteer all information that is reasonably related

to the subjects discussed in the debriefing. In other words, the defendant may not

omit facts about crimes, participants, or the defendant's involvement, and then

claim not to have breached this agreement because the defendant was not

specifically asked questions about those crimes, participants, or involvement. The

defendant will notify the U.S. Attorney in advance if the defendant intends to offer

- 9 -

a statement or debriefing to other persons other than the defendant's attorney. The defendant is not prevented in any way from providing truthful information helpful to the defense of any person. Any actions or statements inconsistent with continued cooperation under this agreement, including but not limited to criminal activity, or a statement indicating a refusal to testify, or any other conduct which in any way undermines the effectiveness of the defendant's cooperation, constitutes a breach of this agreement.

**B.**   **Government's Authority Regarding Substantial Assistance**

1.   Substantial Assistance Determination. It is exclusively within the government's discretion to determine whether the defendant has provided substantial assistance. Upon the government's determination that the defendant's cooperation amounts to substantial assistance in the investigation or prosecution of others, the government will seek a downward departure at sentencing under U.S.S.G. Section 5k1.1. If the government makes such a motion, the amount of reduction, if any, will be determined by the court.

2.   Use of Information Against Defendant. In exchange for the defendant's agreement to cooperate with the government, as outlined above, the

- 10 -

government agrees not to use new information that the defendant provides (pursuant to this agreement) about the defendant's own criminal conduct against defendant at sentencing in this case. Such information may be revealed to the court but may not be used against the defendant in determining the defendant's sentence range, choosing a sentence within the range, or departing from the range. There shall be no such restrictions on the use of information: (i) previously known to law enforcement agencies; (ii) revealed to law enforcement agencies by, or discoverable through, an independent source; (iii) in a prosecution for perjury or giving a false statement; or (iv) in the event there is a breach of this agreement.

## 5.    OTHER CHARGES

There are no other charges.

## 6.    USE OF WITHDRAWN GUILTY PLEA

If the Court allows the defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), the defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement against him in any proceeding.

- 11 -

7. <u>**EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**</u>

The government may withdraw from this agreement at any time prior to this Court's acceptance of the defendant's guilty plea.

The defendant may withdraw from this agreement, and may withdraw his guilty plea, only if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which the defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

8. <u>**WAIVER OF APPEAL**</u>

Defendant waives any right he may have to appeal his conviction. In addition, the defendant waives any right he may have to appeal his sentence if (i) with respect to Count One, the sentence of imprisonment imposed does not exceed the higher of 27 months <u>or</u> if the Court makes a finding of the type specified in Paragraph 2.B.1., the top of the Guidelines range as determined by the Court.

9. <u>**CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**</u>

- 12 -

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement.  If additional charges are filed against the defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, the defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**10.     PARTIES TO PLEA AGREEMENT**

- 13 -

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 10.   SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties.  This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if the defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

- 14 -

This agreement also does not prevent any civil or administrative actions

against defendant, or any forfeiture claim against any property, by the United States

or any other party.

**10.   ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office

of the United States Attorney by **5:00 P.M. on 12/14/2017**. The government

reserves the right to modify or revoke this offer at any time before defendant pleads

guilty.

Daniel L. Lemisch
Acting United States Attorney

John K. Neal
Chief, White Collar Crime Unit
Assistant United States Attorney

Karen L. Reynolds
Assistant United States Attorney

Date:   6-28-18

By signing below, defendant acknowledges that he has read (or been read)

this entire document, understands it, and agrees to its terms.  He also acknowledges

that he is satisfied with his attorney's advice and representation.  Defendant agrees

- 15 -

that he has had a full and complete opportunity to confer with his lawyer, and has

had all of his questions answered by his lawyer.

| | |
|---|---|
| Erie Ladasz | Joseph Delfgauw |
| Attorney for Defendant | Defendant |
| Dated: | Dated: |

| Defendant: | Joseph Delfgauw | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute: | 18 U.S.C. §1344 -- Bank Fraud |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

**1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(a)(1) | Base Level | 7 |
| 2B1.1(b)(1)(F) | >$150,000 and <$250,000 | +10 |
| | | |
| | | |
| | | |

**2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

A-1

| Defendant: | Joseph Delfgauw | Count: | One |
| Docket No.: | | Statute: | 18 U.S.C. §1344 – Bank Fraud |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.



* * * * * * * *

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

| Defendant: | Joseph Delfgauw | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute: | 18 U.S.C. §1344 – Bank Fraud |

## **WORKSHEET B (Multiple Counts)**

## **Instructions (U.S.S.G. ch. 3, pt. D):**

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:  COUNT(S)**
   ADJUSTED OFFENSE LEVEL   _____          unit

2. **GROUP TWO:  COUNT(S)**
   ADJUSTED OFFENSE LEVEL   _____          unit

3. **GROUP THREE:  COUNT(S)**
   ADJUSTED OFFENSE LEVEL   _____          unit

4. **GROUP FOUR:  COUNT(S)**
   ADJUSTED OFFENSE LEVEL   _____          unit

5. **TOTAL UNITS**

          units

B-1

| Defendant: | Joseph Delfgauw | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute: | 18 U.S.C. §1344 – Bank Fraud |

**6.** **INCREASE IN OFFENSE LEVEL**

| | | | |
|---|---|---|---|
| 1 unit ⟶ no increase | | 2 1/2 – 3 units ⟶ add 3 levels | |
| 1 1/2 units ⟶ add 1 level | | 3 1/2 – 5 units ⟶ add 4 levels | |
| 2 units ⟶ add 2 levels | | > 5 levels ⟶ add 5 levels | |



**7.** **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**



**8.** **COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.



17

| Defendant: | Joseph Delfgauw | Count: | One |
| Docket No.: | | Statute: | 18 U.S.C. §1344 – Bank Fraud |

## **WORKSHEET C (Criminal History)**

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

1.    **PRIOR SENTENCES**

**Prior Sentence of Imprisonment Exceeding 13 Months**                                    **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.  (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**                                    **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**                                                              **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct   and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

C-1

| Defendant: | Joseph Delfgauw | Count: | One |
| --- | --- | --- | --- |
| Docket No.: | | Statute: | 18 U.S.C. §1344 – Bank Fraud |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
| --- | --- | --- | --- | --- | --- |
| _____ | \_\_ | _____ | _____ | _____ | |
| _____ | \_\_ | _____ | _____ | _____ | |
| _____ | \_\_ | _____ | _____ | _____ | |
| _____ | \_\_ | _____ | _____ | _____ | |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\* A release date is required in only two situations:   (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | Joseph Delfgauw | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute: | 18 U.S.C. §1344 – Bank Fraud |

2.   **COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status.  (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.



3.   **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.  But enter no points where the sentences are considered related because the offenses occurred on the same occasion.  (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)   Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE: No more than 3 points may be added under this item.



4.   **TOTAL CRIMINAL HISTORY POINTS**
Enter the sum of the criminal history points entered in Items 1-4.

| | 0 |
|---|---|

5.   **CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

| | I |
|---|---|

C-3

| Defendant: | Joseph Delfgauw | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute: | 18 U.S.C. §1344 – Bank Fraud |

## **WORKSHEET D (Guideline Range)**

**1.**   **(COMBINED) ADJUSTED OFFENSE LEVEL**
Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

> 17

**2.**   **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

> -3

**3.**   **TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

> 14

**4.**   **CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

> 

**5.**   **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. CH. 4, PT. B)**

    a.   <u>Total Offense Level:</u>   If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.



    b.   <u>Criminal History Category:</u> If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.


I

**6.**   **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

> 15-21
> months

| Defendant: | Joseph Delfgauw | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute: | 18 U.S.C. §1344 – Bank Fraud |

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.



months

| Defendant: | Joseph Delfgauw | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute: | 18 U.S.C. §1344 – Bank Fraud |

## WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION**

   a. <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

   [x] 1. Probation is not authorized by the guidelines (minimum of guideline range ≥10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

   [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤9 months).

   b. <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

   [x] 1. At least 1 year but not more than 5 years (total offense level ≥6)

   [ ] 2. No more than 3 years (total offense level < 6).

   c. Conditions of Probation (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

   [x] a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥15 months).

   [ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

| Defendant: | Joseph Delfgauw | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute: | 18 U.S.C. §1344 – Bank Fraud |

**4.    SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

a.    <u>Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)</u>
The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b.    <u>Length of Term of Supervised Release (U.S.S.G. § 5D1.2)</u>

1.    At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥25 years.

2.    At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥5 years but < 25 years.

3.    1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

4.    The statute of conviction requires a minimum term of supervised release of _____ years.

c.    <u>Conditions of Supervised Release (U.S.S.G. § 5D1.3)</u>
The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

**5.    RESTITUTION (U.S.S.G. § 5E1.1)**

1.    [x] The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

2.    The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $ _____.

| Defendant: | Joseph Delfgauw | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute: | 18 U.S.C. §1344 – Bank Fraud |

☐    3.    The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $ _____ (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐    4.    The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☐    5.    Restitution is not applicable.

6.    **FINE (U.S.S.G. § 5E1.2)**

     a.    <u>Fines for Individual Defendants</u>

       The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

     b.    <u>Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))</u>

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $ 10,000 | $ 95,000 |

| Defendant: | Joseph Delfgauw | Count: | One |
|---|---|---|---|
| Docket No.: | | Statute: | 18 U.S.C. §1344 – Bank Fraud |

7. **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**
The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ __100.00__   .

8. **FORFEITURE (U.S.S.G. § 5E1.4)**

☐ Assets of the defendant will be forfeited.    ☐ Assets of the defendant will not be forfeited.

9. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**
List any additional applicable guideline, policy statement, or statute.

_____

_____

10. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**
List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

E-4